### EX PARTE TED SANFORD.

No. 21885. Delivered December 10, 1941.
Rehearing Denied January 28, 1942.
Appealed to Supreme Court of the United States.
Mandate of United States Supreme Court, Dismissing
the Appeal for Want of a Substantial Federal
Question, Filed July 2, 1942, in Vacation.

The opinion states the case.

*Combs & Dixie, King C. Haynie,* and *George Goodenow,* all of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

The following attorneys filed briefs as amicus curiae: *Sewall Myer,* and *Frank Campbell Fourmy,* both of Houston, *Joseph A. Padway,* and *Herbert S. Thatcher,* both of Washington, D. C., *Terrell, Davis, Hall & Clemens,* and *Leroy Jeffers,* all of San Antonio, and *Rawlings & Sayers,* of Fort Worth.

KRUEGER, Judge.

Appellant was indicted by the Grand Jury of Harris County charged with having violated Art. 1621b of the Penal Code, as amended by Chapter 100, Acts of the 47th Legislature, Regular Session.

A capias was issued by the Clerk of the Criminal District Court of said county and relator was taken into the custody of the sheriff and confined. He immediately applied to the Hon. Langston King, Judge of the Criminal District Court No. 2 of Harris County, for a writ of habeas corpus, claiming that he was being illegally restrained of his liberty because the law which he was charged with having violated was in contravention of the Fourteenth Amendment to the Federal Constitution, as well as Sections 3, 8, 10, 13, 19 and 27 of Article 1 of the Constitution of Texas, and Article 6 of the State Penal Code. Upon a hearing of the habeas corpus he was remanded to the custody of the sheriff, from which judgment he appealed to this court.

It is apparent from the above statement that this case involves the same questions as that of Ex parte Jack Frye, No. 21,883, this day decided. (143 Texas Crim Rep., page 9). The disposition which we have made of that case also disposes of

·this one. Therefore, it is not necessary to reiterate what we have said in that case. A mere reference thereto is sufficient.

It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant insists that we erred in the disposition made of the case originally. He presents nothing not discussed in our original opinion. We have again reviewed the case in the light of the contentions made by appellant, and are unable to agree with him.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.